## No. 2440.—SUCCESSION OF ETIENNE CORDEVIOLLE.

A married woman may, with the consent of her husband, be appointed dative testamentary executrix.

Article 1664 of the Civil Code, which allows a married woman to accept the testamentary executorship, with the consent of her husband, confers the same power on the judge to appoint a married woman dative testamentary executrix, on her receiving the consent of her husband.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *Armand Pitot* and *Charles Louque*, for appellee. *M. A. Dooley*, *C. Roselius* and *Alfred Phillips*, for appellant.

HOWELL, J. Two parties, Ferdinand de Luca, as agent and attorney in fact of the "Commune de Lavagna," of Italy, a legatee of the deceased, and John Dawson, who was agent of the deceased prior to his death, have appealed from a judgment appointing Mrs. Commagere, a married woman and the sister and a legatee of the deceased, dative testamentary executrix.

Their main ground of objection is her alleged disqualification as a married woman not separated in property. They contend that article 25 of the Code disqualifies women for any civil functions except those which the law specially declares them capable of exercising, and that articles 1663, 1664, 1678 and 1679 (R. C. C.) do not specially declare a married woman capable of exercising the functions of *dative* testamentary executrix.

It is provided in article 1664 that a married woman may accept the testamentary executorship with the consent of her husband. The

appellee has such consent, and we are unable to perceive the distinction between the power to accept the testamentary executorship and the dative testamentary executorship. If the testator can confer such appointment, the judge is vested by article 1678 R. C. C., article 924, No. 7, C. P., and section 1459 R. S., with the same power, to be exercised on a proper occasion. The dative executor is the substitute when there is no testamentary executor, and in our opinion the various articles of the two Codes construed together clearly authorize the appointment of a married woman, with the consent of her husband, dative testamentary executrix.

We think the judge a quo did not err in giving the preference to the appellee.

Judgment affirmed.

Rehearing refused.